**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:05-cr-021 |
| vs. | ) | |
| | ) | |
| Karl Robert Irwin, | ) | |
| | ) | |
| Defendant. | ) | |

___

On January 26, 2009, the defendant, Karl Robert Irwin, sent a letter to the Clerk of Court in which he requested copies of his trial transcript, sentencing transcript, and docket sheet. See Docket No. 61. Irwin contended that "I need these documents as soon as possible so I can file the Habeas motion I'm working on." See Docket No. 61. The Clerk of Court's Office provided Irwin with a copy of the docket sheet. See Docket No. 61.

On February 27, 2009, the Court ordered Irwin to show cause "as to why he should be entitled to receive copies of the trial transcript and sentencing transcript despite having failed to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive Section 2255 motion, and despite the fact that the filing of any such petition would fall beyond the one-year period of limitation." See Docket No. 62 (emphasis in original). The Court gave Irwin until April 3, 2009, to file a response to the order.

In his response to the Order to Show Cause filed on March 23, 2009, Irwin states the "District Court has inadvertently obfuscated or misapprehended what the Petitioner said in his letter to the Clerk of Court." See Docket No. 63. Irwin contends he does not intend to file a motion under 28 U.S.C. § 2255, but instead intends to file a motion under 28 U.S.C. § 2241. Therefore, Irwin

contends "he should be given an opportunity to prepare himself for any other relief and to do so he must have the right to use his transcripts to determine whether he has any other grounds/issues he's not aware of because [he] strongly believes that there is a 'gap' which he extent to fill in." See Docket No. 63 (errors in original).

The Court will briefly distinguish between a motion brought under 28 U.S.C. § 2255 and a motion brought under 28 U.S.C. § 2241.  28 U.S.C. § 2255 authorizes a challenge by a prisoner in federal custody "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ."  "A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" United States v. Gianakos, 2007 WL 3124686, at *4 (D.N.D. Oct. 23, 2007) (quoting Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962)).  A prisoner who challenges the validity of a sentence must bring a claim under Section 2255 in the district of the sentencing court. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

It is well-established that "'challenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241.'"  Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (quoting Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir. 2000)); see United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987) (Defendant's "attack on the execution of his sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition").  As the Eighth Circuit noted in Hutchings, "[i]f the petitioner were being illegally detained, his remedy was by way of a petition for writ of

habeas corpus under 28 U.S.C. §2241(a) . . . ."  835 F.2d at 186 (citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)).  Stated another way, "a petitioner challenging the manner, location, or conditions of [the] sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241."  Feist v. Schultz, 2006 WL 657003, at *1 (E.D. Cal. Mar. 13, 2006).  It is well-settled that a challenge to the execution of a sentence is to be brought in a Section 2241 habeas petition in the district where the prisoner is incarcerated, not the district of the sentencing court.  Matheny, 307 F.3d at 711.

Although a motion brought pursuant to 28 U.S.C. § 2255 could arguably warrant the need for a trial transcript, Irwin specifically states he does not intend to file a successive Section 2255 habeas petition.  It should be noted that Irwin's right to file another Section 2255 motion has been exhausted.  A motion for habeas relief brought under 28 U.S.C. § 2241 does not implicate the defendant's trial and clearly does not require the need for a trial transcript.  Any claims Irwin may wish to pursue under 28 U.S.C. § 2241 are claims that do not stem from the original conviction or sentence but are attacks on the manner, location, or the conditions of the execution of the sentence.  As a result, Irwin has wholly failed to demonstrate any just cause or need for a trial transcript.  The trial transcript has no connection or relevance whatsoever to the pursuit of a Section 2241 motion.

The Court also finds little, if any, cause for Irwin to be entitled to receive a copy of the sentencing transcript in this case.  The Court advises Irwin to carefully review the specific elements of a Section 2241 motion for habeas relief as set forth above.  Although providing Irwin with a copy of the sentencing transcript is not warranted, the Court will reluctantly provide Irwin with such a copy under the circumstances because he is a pro se defendant.  In summary, 28 U.S.C. § 2241 motions for habeas relief essentially challenge the manner, location, or condition of the sentence's

execution. More important, such a challenge is required to be brought in the district where the prisoner is incarcerated. If, after reviewing this order, Irwin believes he is entitled to pursue a claim for habeas relief under 28 U.S.C. § 2241, such a claim needs to be brought in the district where he is currently held in custody, rather than in the District of North Dakota.

The Court **DENIES** Irwin's request for a copy of the trial transcript. The Court **GRANTS** Irwin's request for a copy of the sentencing transcript and **ORDERS** that the September 30, 2005, sentencing hearing be transcribed and a copy of the sentencing transcript be made available to Irwin and the Court.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2009.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court