**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, ) | **MOTION FOR PRODUCTION OF** |
| ) | **COURT FILE** |
| vs. ) | |
| ) | Case No. 1:05-cr-021 |
| Karl Robert Irwin, ) | |
| ) | |
| Defendant. ) | |

___

Before the Court is Defendant Karl Robert Irwin's "Motion for Production of Court File (Documents)" filed on July 9, 2010.  See Docket No. 67.  Irwin requests the Court order the Clerk of Court to provide him with "copies of all transcripts prepared in this matter, a current copy of the docket sheet, copies of all memorandums, orders, decisions, motions" and copies of any transcripts "not yet . . . transcribed."  See Docket No. 67.  Irwin's request is based on his preparation of a motion pursuant to 28 U.S.C. § 2255.

On July 14, 2005, Irwin was found guilty by a jury of possession with intent to distribute a controlled substance within 1000 feet of a school.  See Docket No. 36.  On October 3, 2005, Irwin was sentenced to 175-months imprisonment and judgment was entered accordingly.  See Docket No. 40.  Irwin did not appeal his conviction or sentence.  On June 22, 2006, Irwin filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  See Docket No. 46.  On July 25, 2006, the Court denied his § 2255 motion.  See Docket No. 50.  On October 10, 2006, Irwin appealed the Court's order denying the § 2255 motion.  See Docket No. 54. The Eighth Circuit Court of Appeals dismissed the appeal on January 3, 2007.  See Docket No. 55.

On March 21, 2008, the Eighth Circuit denied Irwin's petition for authorization to file a successive habeas motion.  See Docket No. 57.  On September 25, 2008, the Eighth Circuit once again denied Irwin's petition for authorization to file a successive habeas motion.  See Docket No. 59.

On January 26, 2009, the Clerk of Court received a letter from Irwin that requested copies of his trial transcript, sentencing transcript, and docket sheet.  See Docket No. 61.  The Clerk of Court's Office provided Irwin with a copy of the docket sheet.  On February 27, 2009, the Court ordered Irwin to show cause "as to why he should be entitled to receive copies of the trial transcript and sentencing transcript despite having failed to obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive Section 2255 motion, and despite the fact that the filing of such petition would fall beyond the one-year period of limitation."  See Docket No. 62 (emphasis in original).  Irwin responded by contending that he did not intend to file a motion under 28 U.S.C. § 2255, but instead intended to file a motion under 28 U.S.C. § 2241.  See Docket No. 63.  On March 31, 2009, the Court issued an order that briefly distinguished the differences between 28 U.S.C. §§ 2255 and 2241 motions, and denied Irwin's request for a copy of the trial transcript and granted his request for a copy of the sentencing transcript.  See Docket No. 64.

Irwin now requests copies of all transcripts prepared in this matter, the docket sheet, memorandums, orders, decisions, motions, and a copy of the trial transcript so that he can file another 28 U.S.C. § 2255 motion.  See Docket No. 67.  The ability of a party to file a second or successive section 2255 motion is addressed by 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

    (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Irwin has twice petitioned the Eighth Circuit for authorization to file a second or successive habeas motion and twice has been denied. Based on Irwin's two previous petitions to the Eighth Circuit and his response to this Court's Order to Show Cause, it is clear that he understands the requirement to obtain certification before filing a second or successive section 2255 motion.

The right to file a motion under 28 U.S.C. § 2255 is not without limits. Pursuant to 28 U.S.C. § 2255(f), a party has a limited period of time in which to file a motion:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Irwin contends that newly discovered evidence exists. Specifically, Irwin asserts that his trial attorney, Ralph Vinje: (1) failed to file a proper motion to dismiss prior to trial; (2) failed to investigate or convey to Irwin the contents of a videotape in which the Government alleges Irwin delivered marijuana to a third party; and (3) failed to inform the Court or the Government that a third


person advised Mr. Vinje that all the illegal narcotics involved were owned and possessed by that third person.  See Docket No. 68.  Irwin contends he was provided records from several different federal and state government agencies that "provide Irwin with a good-faith basis for submitting a request to the Eighth Circuit United States Court of Appeals for permission to file a second motion pursuant to 28 U.S.C. §2255, under 28 U.S.C. §2244(b)(2)(B)(i-ii)."  See Docket No. 68.  Irwin requests a trial transcript "to illustrate to the Court of Appeals that the issue was not raised at trial, and the evidence to support his claim, was not available until now."  See Docket No. 68.

The Court finds that Irwin does not have authorization from the Eighth Circuit Court of Appeals to file a second or successive habeas motion with this Court pursuant to 28 U.S.C. § 2255.  Nor did Irwin file the records he received from the state and federal agencies that allegedly provide him with a good faith basis for submitting a request to the Eighth Circuit for permission to file a successive 28 U.S.C. § 2255 motion.  In addition, Irwin does not allege facts as to why his new evidence could not have been discovered through the exercise of due diligence before the one-year period of limitation ran.  Accordingly, the Court **DENIES** Irwin's "Motion for Production of Court File (Documents)" (Docket No. 67).

**IT IS SO ORDERED.**

Dated this 30th day of July, 2010.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court